IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RAYMOND SHAWN SATTERFIELD,                    Civil No. 08-1133-KI

       Petitioner,                              OPINION AND ORDER

  v.

DON MILLS

       Respondents.


    KRISTINA HELLMAN
    Assistant Federal Public Defender
    101 SW Main Street, Suite 1700
    Portland, OR  97204

       Attorney for Petitioner


    JOHN KROGER
    Attorney General
    KRISTEN E. BOYD
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR  97301

       Attorneys for Respondents


  1 - OPINION AND ORDER -

KING, District Judge.

Petitioner, in custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  He challenges his state conviction asserting he did not receive effective assistance of trial counsel or of appellate counsel as guaranteed by the Sixth Amendment to the United States Constitution, and that the state post-conviction court's denial of relief was objectively unreasonable. (#34, at 2.)  For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#23) is DENIED, and this proceeding is dismissed.

## BACKGROUND

In 1997, Petitioner was indicted on one count of Rape in the First Degree, two counts of Sodomy in the Second Degree, and two counts of Sexual Abuse in the First Degree for acts alleged by his girl-friend's daughter. (#34, at 2.)  His first trial ended in a hung jury.  In July 1998, a second jury trial in which Petitioner was represented by the same attorney resulted in his conviction on all counts. (*Id.*)  Through a combination of consecutive and concurrent sentences the trial court imposed a sentence totaling 200 months imprisonment. (#42.)

Petitioner directly appealed his conviction and sentence, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *State v. Satterfield*, 162 Or.App. 299, 985 P.2d 240, *rev. denied* 329 Or 479 (1999).

2 - OPINION AND ORDER -

Petitioner filed for post-conviction relief ("PCR") but the PCR court denied relief issuing an opinion letter and accompanying findings of fact and conclusions of law. (Respt's Exs. 137, 141, and 142.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt's Exs. 149, 148.) Appellate judgment issued May 7, 2008. (*Id.*)

Petitioner filed for federal habeas relief on September 29, 2008. In his Amended Petition for Writ of Habeas Corpus (#23), Petitioner presents two grounds for relief: (1) Petitioner was denied the effective assistance of trial counsel because counsel failed to "call a necessary expert witness to rebut the state's expert on a key issue at trial;" and (2) Petitioner was denied the effective assistance of appellate counsel because counsel "failed to appeal the trial court's ruling that permitted [the state expert witness's] testimony." (#34, at 10 and 16.) He argues it was objectively unreasonable for the PCR court to deny relief on these claims.

## DISCUSSION

I.  Standards of Review

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

3 - OPINION AND ORDER -

>   2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, ___ U.S. ___; 131 S.Ct. 1388, 1398-1402 (April 4, 2011) the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing *Williams*). "The state court's application of . . . law must be *objectively unreasonable*." *Williams*, 529 U.S. at 411 (emphasis added). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Id*.

4 - OPINION AND ORDER -

"[A] habeas court must determine what arguments or theories ... could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."  *Pinholster*, 131 S.Ct. at 1402 (citing *Harrington v. Richter*, 562 U.S. ___,___, 131 S.Ct. 770, 786 (2011)).  A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

The last reasoned decision by the state court is the basis for review by the federal court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002).  In this proceeding, the Court reviewed the state PCR trial court decision.

## II.  Ground for Relief One

Petitioner alleges he was denied the effective assistance of trial counsel because counsel failed to "call a necessary expert witness to rebut the state's expert on a key issue at trial." (#34, at 10.)  This claim encapsulates the following claims in Petitioner's Third Amended Petition for PCR Relief:

> (23) Failed to bring in an expert to talk about sources of contamination which is admitted to by the victim.

5 - OPINION AND ORDER -

> (24) Failed to have the expert testify regarding all the causes of contamination which effected the testimony of the victim in this case.
> (25) Failed to have an expert come in regarding the issue of suggestibility and false memory which were present in this case.

(Respt.'s Ex. 108 at 8-9).[1]  Petitioner argues counsel knew the state planned to call an expert witness, that counsel recognized the danger of the expert's testimony, and that counsel "fought vigorously to keep her testimony from the jury," but failed to call a defense expert to counter the testimony. (*Id*. at 12.) Petitioner further argues that his first trial, at which the state did not call an expert witness and which resulted in a hung jury, is evidence there is a reasonable probability that counsel's failure to call an expert to rebut the state's expert witness led to his conviction in the second trial. (*Id*. at 15.) Petitioner contends the state PCR court denying relief was objectively unreasonable. (*Id*. at 22.) For the reasons set forth below, the Court disagrees.

The clearly established federal law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Pinholster*, 131 S.Ct. at 1403. Under *Strickland*, a petitioner must prove 1) that counsel's performance fell below an objective standard of reasonableness and, 2) that

---

[1] These claims were discussed in Petitioner's PCR Memorandum as numbers 21, 22, and 23. (Respt.'s Ex. 109 at 10-11.)

6 - OPINION AND ORDER -

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. "Judicial scrutiny of counsel's performance must be highly deferential," *id*. at 689, and "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S.Ct. at 1407 (quoting *Strickland*)(internal quotation marks omitted.)  The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690.  In addition, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*).

The record before the PCR court included, in relevant part,

7 - OPINION AND ORDER -

the trial transcript for both of Petitioner's jury trials, Petitioner's PCR deposition, the deposition of psychologist Robert Stanulis, Ph.D., an expert witness Petitioner engaged for the PCR proceeding, and a number of other depositions and affidavits submitted by the parties. (Respt.'s Exs. 110 and 115.) Petitioner's expert witness, Robert Stanulis, also testified in person during the PCR trial. (Respt.'s Ex 135 at 14-40.)  After the PCR trial, with permission from the court, Petitioner submitted a Supplemental Trial Memorandum to further support his claim of ineffective assistance of appellate counsel. (Respt.'s Ex. 137 at 2; Ex. 136.)

The PCR court "considered the record evidence submitted by the parties, made determinations as to its relevancy and materiality, assessed the credibility of witnesses whether written or oral and ascertained for its purposes the probative significance of the evidence presented." (Respt.'s Ex. 137, at 2.)  In 20 page opinion letter detailing the case, discussing and analyzing the claims, and presenting the court's basis for denying relief on all claims, the PCR court stated:

> [W]hether trial counsel had contacted, but decided not to call an expert would appear to be a trial tactic.

(*Id*. at 19.)

> Petitioner claims that trial counsel was deficient in not bringing "in an expert to talk of sources of contamination which is admitted to by the victim". The argument is that this was deficient representation

8 - OPINION AND ORDER -

> because she was allowed to testify and persuade the jury to convict the petitioner "<u>without the jury knowing of the contaminated testimony</u>" (emphasis added). The main problem beyond that already discussed is that the jury was aware of the sources of contamination[.] Petitioner's expert at the [PCR] trial agreed that several if not all of the sources were in evidence. (That the victim had spoken with the mother, that she had received a video tape etc.)

(*Id*. at 20.)

The PCR court also issued extensive Findings of Fact and Conclusions of Law, holding:

> Petitioner also has failed to prove trial counsel was ineffective for failing to call an expert witness regarding "sources of contamination" the victim may have been subjected to when testifying about petitioner's sexual abuse. Trial counsel did make the jury aware of the "sources of contamination" which petitioner's expert offered at the post-conviction trial (namely that the victim had spoken to her mother about the allegations, that the victim had reviewed her video-taped interview with law enforcement protective workers, that the victim was aware her mother wanted petitioner in jail, etc.)

(Respt.'s Ex. 138 at 18-19.)

Based on the record, the Court finds: (1) it was not unreasonable for the PCR court to conclude trial counsel's decision not to call a defense expert could be attributed to trial strategy given the PCR trial testimony of Petitioner's expert; (2) the PCR trial court findings are supported by the record; and (3) the PCR court reviewed counsel's performance deferentially, as is required under *Strickland*. Applying the deferential standard of review that governs federal habeas claims of ineffective assistance of counsel, the Court finds Petitioner has not shown it was an unreasonable

9 - OPINION AND ORDER -

application of *Strickland* for the PCR court to deny Petitioner relief. Accordingly, habeas relief is precluded.

III. Ground for Relief Two

Petitioner alleges he was denied the effective assistance of appellate counsel because counsel failed to appeal the trial court's ruling that permitted the prosecution's expert witness to testify. (#34 at 16.) Petitioner argues "it was an objectively unreasonable determination of the facts [for the PCR court] to conclude that [Petitioner] 'produce[d] no facts or law to support any specific claim of a failure by counsel which would have made any difference in the outcome of the case." (Respt.'s Ex. 140 at 2.) Petitioner notes he had directed the PCR court's attention to *State v. Marrington*, 335 Or. 555, 73 P.3d 911, 916 (Or. 2003) (holding expert's testimony possessed the potential to influence trier of fact as scientific assertions and required an appropriate foundation as established in *State v. Brown*, 297 Or. 404, 687 P.2d 751 (1984) and *State v. O'Key*, 321 Or. 285, 899 P.2d 663 (1995)).

The *Strickland* standards outlined previously apply to reviewing claims of deficient representation by appellate counsel, with the distinction that prejudice is found when there is a reasonable probability that, but for counsel's failure to raise the issue, the petitioner would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010)(citing *Smith*). Appellate counsel's

10 - OPINION AND ORDER -

representation must be reviewed in the context of the circumstances existing at the time of representation. *Strickland*, 466 U.S. at 690. And federal habeas review is limited to the record on which the state court adjudication of Petitioner's claim was based. *Pinholster,* 131 S.Ct. at 1398-1402.

In addressing Petitioner's claims related to "testimony" of [the state's expert witness] in its opinion letter, the PCR court stated:

> Petitioner claims that [the state's expert] witness should not have been allowed to testify because there was no scientific basis for the testimony citing State v. Brown, 297 Or 404, 687 P2d 751 (1984) and similar cases.
>
> [T]he objection that the trial counsel made to the introduction of expert testimony was: "There's nothing in evidence about the existence of any scientific evidence that supportive". (Ex. 102, Vol.5, pg. 306, lines 3-5.)
>
> Further, counsel had filed a motion in limine and also argued that the testimony was not relevant because the facts were not supported. (supra pg. 307, lines 3-8).
>
> In that Petitioner does not claim any specific "testimony" as error in the context of the claim, it must be interpreted to go to the entire testimony (or at least any testimony which would require some foundation as an expert). Just how trial counsel could have objected properly" is not claimed or argued. This claim is without merit.
>
> **The record further establishes that the Court did interpret the objection as requiring the State v. Brown test (supra, pg. 311, lines 10-12). And, that the trial court found these criteria to exist. (supra pgs. 315-316, lines 21-2).**
>
> ***

11 - OPINION AND ORDER -

> Petitioner claims various things related to the State's expert, [ ], (Claims 18-20) including that there was no scientific basis for her testimony and that trial counsel failed to object. As discussed above, under Petitioner's claim 5, Petitioner is wrong.
>
> ***
>
> The argument is that this was deficient representation because she was allowed to testify and persuade the jury to convict the petition "<u>without the jury knowing of the contaminated testimony</u>" (emphasis added). The main problem beyond that already discussed is that the jury was aware of the sources of contamination[.] Petitioner's expert at the post conviction trial agreed that several if not all of the sources were in evidence.
>
> Petitioner has not established that had the matter been raised on appeal that it was likely to have prevailed.
>
> It is not reasonably probable that any acts of failures of appellate counsel would have affected the outcome.

(Respt.'s Ex. 137 at 18-20.) (Emphasis added.)

Petitioner argues that despite "clear holdings from the Oregon courts" the trial court permitted the state's expert to testify without the necessary foundational requirement, and "had the [trial] court conducted the required analysis under *Brown* and *O'Key* the result would have been the exclusion of [the] testimony." (#34 at 16-17.) The PCR court, however, found the trial court did conduct the required analysis, and the record supports that finding. (Trial Tr. at 307-316.)

The record shows the PCR court devoted considerable attention to Petitioner's claims challenging the testimony of the state's expert witness, and the purpose for which Petitioner was presenting

12 - OPINION AND ORDER -

an expert witness at the PCR proceeding. (Respt.'s Ex. 135 at 16-23.) The PCR court also heard the parties argue the applicability of various Oregon court cases governing the admissibility of expert testimony. (*Id*. at 43-47.)

Under *Strickland,* appellate counsel's performance must be reviewed in light of the law existing at the time Petitioner's appeal was filed. 466 U.S. at 689. Petitioner directed the PCR trial court to a 2003 Oregon Supreme Court opinion supporting his interpretation of the law on expert testimony. His appeal, however, was filed in 1999, and final appellate judgement issued January 4, 2000. Appellate counsel cannot be faulted for not anticipating changes in the law. *Smith v. Murray*, 477 U.S. 527, 536 (1986).

On review of the record, the Court finds the PCR record supports the PCR trial court's finding that Petitioner did not show there was a reasonable probability that, but for appellate counsel failing to raise as error the admission of expert testimony, he would have prevailed on appeal. Under *Strickland*, failure to show either deficient representation or prejudice causes a claim to fail. Accordingly, it was not objectively unreasonable for the PCR court to deny Petitioner relief. Habeas relief is therefore precluded.

/ / /

/ / /

13 - OPINION AND ORDER -

## CONCLUSION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus (#23) is DENIED, and this proceeding dismissed with prejudice. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __10th__ day of May, 2011

                                       /s/ Garr M. King
                                       Garr M. King
                                       United States District Judge